J. P. McConnell v. Coleman County.

Decided June 7, 1899.

**County—Expense of Keeping Prisoner—Offense in Another County.**
Except in the case of prisoners brought from another county for safe keeping or on habeas corpus or change of venue, each county is liable for the expense of keeping prisoners while in the custody of its sheriff, though arrested for offenses committed in other counties. Code Crim. Proc., art. 1094.

Appeal from Coleman. Tried below before Hon. J. O. Woodward.

*Sims & Snodgrass,* for appellant.

*H. A. Orr, J. A. B. Miller,* and *J. K. Baker,* for appellee.

Fisher, Chief Justice.—McConnell, as sheriff of Sutton County, brought this action against Coleman County to hold it liable for the expenses incurred by him in the safekeeping and custody of prisoners in Sutton County, for offenses committed in Coleman County. The prisoners when confined in custody in Sutton County were not sent there for safe keeping, nor were they carried there on habeas corpus process or upon change of venue, but they were arrested by the sheriff of Sutton County for offenses committed in Coleman County and were confined in the jail of Sutton County, and it was during this time that the expenses were incurred.

The sole question presented is whether Coleman County can be held liable for the costs and expense of keeping and maintaining these prisoners while in the custody of the sheriff of Sutton County. The trial court held that Coleman County was not liable, and with this ruling we agree.

The section of the law which we think controls the disposition of this case is article 1094, Code of Criminal Procedure, which is as follows: "Each county shall be liable for all the expenses incurred on account of the safe keeping of prisoners confined in their respective jails or kept under guard, except prisoners brought from another county for safe keeping or from another county on habeas corpus or change of venue, in which case, the county from which the prisoner is brought shall be liable for the expenses of his safe keeping."

Article 1105 goes on to provide how the sheriff shall make out his account for expenses incurred for the keeping, support, and maintenance of prisoners from another county. And there are other articles of the

Code of Criminal Procedure which state the amounts that the sheriffs may be entitled to, and the items of expenses for which he may make charges.

There is no conflict in the several provisions of the statute upon this subject. There is no uncertainty about the terms or the language of the article quoted. It expressly states that each county shall be liable for the expenses incurred on account of the prisoners confined in their respective jails, with three enumerated exceptions, in which the liability is imposed upon another county. That is, where the prisoner is carried to the county for safe keeping or on change of venue or habeas corpus.

There is no common law liability resting upon Coleman County in a case of this character, and if it is held liable at all, we must look to some statute which imposes liability upon it. It might be just to impose liability upon the counties where the crime was committed, and to which the prisoner properly belongs; but the Legislature has seen fit to otherwise regulate the matter; and, of course, the law that they have passed upon the subject must be applied.

The particularity with which the Legislature, in the section quoted, pointed out the instances in which some other county, other than where the prisoner was confined, should be held responsible for the cost of his support and maintenance, would seem to indicate that it was the intention that the liability should be limited to the special instances noted, and that in all other respects the county where the prisoner was confined should be liable and responsible for his support and maintenance and for other items that the sheriff was allowed by law to charge in connection with the custody of the prisoner.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*